FILED
United States Court of Appeals
Tenth Circuit

May 5, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHARLES DARDEN,

      Petitioner - Appellant,

v.

ROBERT PATTON, Director, Oklahoma
Department of Corrections,

      Respondent - Appellee.

No. 14-6235
(D.C. No. 5:13-CV-00392-C)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **MATHESON**, **MURPHY**, and **PHILLIPS,** Circuit Judges.

      Petitioner Charles Darden, an Oklahoma state prisoner, seeks a certificate of

appealability ("COA") to challenge the district court's denial of his 28 U.S.C. § 2254

petition for a writ of habeas corpus. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring a COA to

appeal denial of a § 2254 application). Exercising jurisdiction under 28 U.S.C. § 1291,

we deny a COA and dismiss this matter.

---

      * This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    BACKGROUND

Mr. Darden is serving a 15-year sentence for a state drug trafficking conviction. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed his conviction and sentence on direct appeal. Mr. Darden applied for post-conviction relief, raising 22 issues. The trial court denied his application. The OCCA affirmed, concluding that waiver or res judicata barred 21 of the issues because Mr. Darden had already raised them on direct appeal or waived them by raising them for the first time on post-conviction review when they could have been raised on direct appeal. The OCCA then denied the one issue that was properly presented—Mr. Darden's ineffective assistance of appellate counsel claim. It concluded Mr. Darden failed to show the outcome of his trial or appeal would have been different but for appellate counsel's alleged ineffective assistance.

Mr. Darden next filed a § 2254 petition in federal district court alleging due process and equal protection claims based on (1) lack of representation in his post-conviction proceeding before the trial court, and (2) lack of adequate and independent state grounds for the state procedural default of his 21 issues because he had ineffective assistance of appellate counsel on direct appeal.

A magistrate judge issued a report and recommendation ("R&R") recommending denial of relief. The R&R concluded Mr. Darden's claims failed because (1) he was not entitled to counsel in post-conviction proceedings, (2) the OCCA's determination on his ineffective assistance of counsel claim was not contrary to or an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984), and (3) his remaining claims were

procedurally barred. After considering Mr. Darden's objections to the R&R, the district court adopted it and denied Mr. Darden's request for habeas relief.

## II. DISCUSSION

Mr. Darden may not appeal the district court's denial of his § 2254 petition without a COA. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). To obtain a COA, he must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a state court has decided the petitioner's claims on the merits, we "look to the District Court's application of AEDPA to petitioner's constitutional claims and ask whether that resolution was debatable among jurists of reason." *Miller-El*, 537 U.S. at 336. When the district court dismisses a petition on procedural grounds, we will issue a COA only if the petitioner shows both (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

On appeal, Mr. Darden raises only one issue—that the district court erred in concluding his 21 claims were procedurally barred. Mr. Darden argues that the state courts' application of procedural default without addressing his federal constitutional claims is itself a violation of substantive due process. He cites no supporting authority and ignores the means to overcome state procedural bar in a § 2254 habeas proceeding.

In *Coleman v. Thompson*, 501 U.S. 722 (1991), the Supreme Court held that "federal habeas review . . . is barred" in any case "in which a state prisoner has defaulted

his federal claims in state court pursuant to an independent and adequate state procedural rule[,] . . . unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750. In other words, "[i]f a particular claim was defaulted in state court on an independent and adequate state procedural ground, we recognize the state courts' procedural bar ruling and do not address the claim on the merits unless cause and prejudice or a fundamental miscarriage of justice is shown." *United States v. Thacker*, 678 F.3d 820, 835 (10th Cir. 2012) (quotations omitted).

"To be independent, the procedural ground must be based solely on state law." *Id.* "To be adequate, the procedural ground must be strictly or regularly followed and applied evenhandedly to all similar claims." *Id.* (quotations omitted). The fundamental miscarriage of justice exception to the procedural default rule "is a markedly narrow one, implicated only in extraordinary cases where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Magar v. Parker*, 490 F.3d 816, 820 (10th Cir. 2007) (quotations omitted). A claim of actual innocence must be based on new evidence suggesting "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998); *see also Calderon v. Thompson*, 523 U.S. 538, 559 (1998) ("The miscarriage of justice exception is concerned with actual as compared to legal innocence. . . . To be credible, a claim of actual innocence must be based on reliable evidence not presented at trial." (quotations omitted)).

- 4 -

Mr. Darden's argument that the Oklahoma procedural default rules barring his claims in state court are not independent because they prevent review of his federal claims, Aplt. Br. at 5-10, does not show they are based on anything other than solely state law. He does not attempt to address whether the state rules are adequate, nor has he attempted to show cause and prejudice or miscarriage of justice. In short, he has not shown that any reasonable jurist would debate the district court's procedural ruling.

In addition, and independently fatal to a COA, Mr. Darden does not argue in this appeal that his § 2254 petition demonstrates he was denied a constitutional right in the underlying state prosecution.

Mr. Darden is therefore not entitled to a COA because (1) he does not show reasonable jurists could debate the district court's procedural ruling and (2) does not even attempt to show that reasonable jurists "would find it debatable whether [his] petition states a valid claim for the denial of a constitutional right." *Slack*, 529 U.S. at 484.

## III. CONCLUSION

Based on the foregoing, we deny Mr. Darden a COA and dismiss this matter.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge

- 5 -